FILED
2014 Feb-21  AM 09:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **TIM HUDAK, et al,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Case No.: 4:13-CV-2196-VEH** |
| | ) |
| **TRAVELERS HOME AND** | ) |
| **MARINE INSURANCE** | ) |
| **COMPANY, et al,** | ) |
| | ) |
| **Defendants.** | |

---

## <u>MEMORANDUM OPINION</u>

On September 23, 2013, the plaintiffs, Tim and Janice Hudak, filed this civil action in the Circuit Court of Etowah County, Alabama. (Doc. 1-1 at 3). The complaint alleges, as against both defendants,[1] counts for breach of contract (Count One), bad faith refusal to pay insurance proceeds (Count Two), fraud (Count Three), negligence (Count Four), and wantonness (Count Five). All counts of the complaint arise out of an incident in which the plaintiffs' home was damaged, they allegedly made a claim on the defendants for payment due under a homeowner's policy insuring their home, and the defendants allegedly refused to pay.

---

[1]The defendants are Travelers Home and Marine Insurance Company ("Travelers") and BBVA Compass Insurance ("Compass").

The case was removed to this court on December 4, 2013, on the basis that this court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).[2]  (Doc. 1 at 2).  The case comes before the court on the plaintiffs' motion to remand filed on January 3, 2014 (doc. 7), and the plaintiffs' amended motion to remand filed on January 22, 2014 (doc. 10).  Travelers has responded only to the initial motion to remand.  (Doc. 8).  For the reasons stated herein, the motions will be **GRANTED**.

## I.    STANDARD FOR REMAND

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994).  For removal to be proper, the court must have

---

[2]  That section provides, in pertinent part:  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C.A. § 1332(a)(1).  Only defendant Travelers joined in the removal.  "The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective." *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008); *see also* 28 U.S.C.A. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action.") (emphasis added).  In this case, Travelers contends that Compass has been fraudulently joined.  It has been noted that "[a] fraudulently joined party is not properly joined and, accordingly, need not join or consent to the removal." *Maxwell v. E-Z-Go, a Div. of Textron, Inc.*, 843 F. Supp. 2d 1209, 1213 (M.D. Ala. 2012) (citing *Balazik v. Cnty. of Dauphin,* 44 F.3d 209, 213 n. 4 (3d Cir.1995); *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993); and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988)).  The court has found no Eleventh Circuit opinion adopting this approach, but, in light of the statute's use of the phrase "properly joined," this approach is most likely the correct one.  The court will not examine the issue further, however, because the motion to remand did not raise this issue, and the issue is not jurisdictional.  *In re Bethesda Mem'l Hosp., Inc.,* 123 F.3d 1407, 1410 n. 2 (11th Cir. 1997); *see also, Smith v. Health Ctr. of Lake City, Inc.,* 252 F. Supp. 2d 1336, 1339 (M.D. Fla. 2003) (same).

subject-matter jurisdiction in the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the Defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See, City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.") (citation omitted).

"In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) (citation omitted); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.2001).

> That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal. *Albonetti v. GAF Corporation-Chemical Group,* 520 F.Supp. 825, 827 (S.D. Texas 1981); *Jennings Clothiers of Ft. Dodge, Inc. v. U.S. Fidelity & Guaranty Co.,* 496 F.Supp. 1254, 1255 (D.Iowa 1980); *Fort v. Ralston Purina Company,* 452 F.Supp. 241, 242 (E.D.Tenn.1978).

*Parker v. Brown*, 570 F.Supp. 640, 642 (D.C. Ohio, 1983)

While it is undoubtedly best to include all relevant evidence in the

petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition. We align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction. We emphasize, as did the court in *Allen,* that "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Allen,* 63 F.3d at 1335.

*Sierminski v. Transouth Financial Corp*., 216 F.3d 945, 949 (11th Cir. 2000).

## II.   ANALYSIS

As stated above, the case was removed on the basis that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) which provides: "The district courts shall have original jurisdiction of all civil actions where [1] the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and [2] is between . . . citizens of different States."  28 U.S.C.A. § 1332(a)(1).

The plaintiffs do not request a sum certain after each count, asking instead for "compensatory damages against the [d]efendants, separately and severally, in an amount above the jurisdictional limits[3] of this [c]ourt to be determined by a struck

---

[3]  As noted, the case was originally filed in the Circuit Court of Etowah County, Alabama. The "jurisdictional limits" language thus refers to the jurisdictional limits of that court.  The language "above the jurisdictional limits of this [c]ourt" should not be read as "above the upper jurisdictional limits of this court."  There are no upper monetary limits in the Alabama Circuit Courts.  *See,* Ala. Code § 12-11-30 ("The circuit court shall have exclusive original jurisdiction of all civil actions in which the matter in controversy exceeds ten thousand dollars ($10,000), exclusive of interest and costs, and shall exercise original jurisdiction concurrent with the district court in all civil actions in which the matter in controversy exceeds three thousand dollars

jury, plus interest and costs."  (Doc. 1-1 at 5, 6, 7).  In the "wherefore" clause, the plaintiffs

> pray that this [c]ourt will impanel a jury and that upon consideration of the evidence herein, grant to the [p]laintiffs all compensations [sic] to which they are entitled, including costs, reimbursement for expenses, compensation for mental anguish, loss of reputation, loss of income, compensatory damages, and punitive damages to which the trier of facts may determine as appropriate under the law, and such other, further and different relief to which the [p]laintiffs may be entitled in the premises.

(Doc. 1-1 at 7).  If, as in this case, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1357 (11th Cir.1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir.2000).  *See also*, 28 U.S.C.A. § 1446 (c)(2)(B) ("[R]emoval of the action is proper . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).").

The Eleventh Circuit has stated:

> We reiterate that the burden of proving jurisdiction lies with the removing defendant.  A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the

---

($3,000), exclusive of interest and costs.").  The language refers to the <u>lower</u> limit of the circuit courts.  The court does not infer that the complaint somehow states an amount exceeding <u>this</u> court's minimum jurisdictional amount because of this language.

underlying facts supporting such an assertion, is insufficient to meet the defendant's burden. *See Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.1995); *Allen,* 63 F.3d at 1335; *Gaus v. Miles,* 980 F.2d 564, 567 (9th Cir.1992); *see also Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir.1994) (concluding that removing defendant did not meet burden of proving amount in controversy where it offered "nothing more than conclusory allegations"); *Gaitor v. Peninsular & Occidental S.S. Co.,* 287 F.2d 252, 255 (5th Cir.1961) (stating that removing defendant must make "affirmative showing ... of all the requisite factors of diversity jurisdiction").

*Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001). "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (footnotes omitted). When this method is used, a removing defendant may rely on its own affidavits, declarations, or other documentation to establish the amount in controversy. *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013) *(citing Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 755 (11th Cir.2010)). However, "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Sierminski v. Transouth Financial Corp*., 216 F.3d 945, 949 (11th Cir. 2000) (emphasis added).

The plaintiff's original motion to remand states only:

1.   The Initial filing of the Complaint in the above styled cause was filed in the Circuit Court of Etowah County, Alabama

(CV-2013-104-WHR)

2.    The Complaint is silent as to the amount in controversy.

3.    The Plaintiff [sic] is [sic] not requesting damages in excess of $74,999.99 and concedes that they will not do so.

(Doc. 7).  Travelers responded to this motion in part by citing *Seckel v. Travelers Home & Marine Ins. Co.*, 4:12-CV-4163-KOB, 2013 WL 360421 at *2 (N.D. Ala. Jan. 29, 2013) (Bowdre, J.) for the proposition stated therein that the plaintiffs "could have submitted an affidavit in support of [the] motion to remand specifically stating that [the complaint] does not claim any more than $74,999.99."  (Doc. 8 at 3).  Travelers also cites *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) (Acker, J.) for the proposition that "a plaintiff cannot simply state that he will not *seek* more than $74,999.99; rather, he must expressly state that he will not *accept* more than $74,999.99."[4]  (Doc. 8 at 3) (emphasis in original).  In response, the plaintiff filed an amended motion to remand which merely states:

1.    Plaintiff [sic] adopts and incorporates [sic] all averments included in their previously filed Motion to remand with the exception of Paragraph three (3).

2.    Paragraph three (3) is amended to indicate: The Plaintiffs are not requesting damages in excess of $74,999.99 and will not accept

---

[4]Actually, the plaintiff could seek damages up to $75,000.00 and this court still would not have jurisdiction.  The statute requires the amount in controversy to exceed $75,000.00.  *See,* 28 U.S.C. § 1332(a)(1).

damages in excess of $74,999.99.

(Doc. 10 at 1).  No further submissions have been filed.

As noted above, the amount in controversy must be measured as of the date of removal, not afterwards based on ensuing developments. It naturally follows that "events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore v. American–Amicable Life Ins. Co. of Texas,* 218 F.3d 1287, 1291 (11th Cir.2000), *overruled in part on other grounds in Alvarez v. Uniroyal Tire Co.,* 508 F.3d 639, 641 (11th Cir.2007).  However, "what is prohibited are post-removal changes in the amount in controversy, not post-removal clarifications of the amount that was in controversy at the moment of removal." *Jackson v. Select Portfolio Servicing, Inc.,* 651 F.Supp.2d 1279, 1282 (S.D.Ala. 2009) (Steele, J.) (emphasis added). "Thus, if a plaintiff comes forward after removal and clarifies (as opposed to altering) facts bearing on the amount in controversy, courts in this Circuit routinely accept such evidence in determining whether § 1332 jurisdiction existed at the moment of removal." *Land Clearing Co., LLC v. Navistar, Inc.*, No. CIV.A. 11-0645-WS-M, 2012 WL 206171 at *3 (S.D. Ala. Jan. 24, 2012) (Steele, J.).

The motions to remand, filed by plaintiffs' counsel, have made it clear that "[p]laintiffs are not requesting damages in excess of $74,999.99 and will not accept

8

damages in excess of $74,999.99." (Doc. 10 at 1). The court sees this as a clarification of the amount claimed in the original complaint. While the plaintiffs have produced no affidavits, these representations by counsel will suffice. *See, Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808-09 (11th Cir. 2003) ("Because McKinnon's lawyers are officers of this court and subject to sanctions under Federal Rule of Civil Procedure 11 for making a representation to the court for an improper purpose, such as merely to defeat diversity jurisdiction, we give great deference to such representations and presume them to be true."). Travelers has produced no evidence that this representation is untrue, or that it was made in bad faith.

## III.   CONCLUSION

Based on the foregoing, the motion to remand, and the amended motion to remand will be **GRANTED**, and this case will be **REMANDED** to the Circuit Court of Etowah County, Alabama.

**DONE** and **ORDERED** this 21st day of February, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge